Adela Bou Alvarez, Appellant, *v.* Registrar of Property of San Juan (First Section), Respondent.

No. 796.  Submitted December 18, 1929.—Decided February 4, 1930.

*A. Acosta Velarde,* for appellant.  The registrar appeared by brief.

Mr. Chief Justice Del Toro delivered the opinion of the court.

A conveyance from marshal Eduardo Urrutia to Adela Bou de Alvarez was presented for record in the Registry of Property of San Juan, and the registrar refused to record it "because the property sold is recorded in the name of Agustín Hernández Mena, a person other than the defendants."

It appears that the purchaser, Adela Bou, had instituted foreclosure proceedings to recover from Amparo Escapa and Alfonso Ocasio the sum of $2,500, secured by a mortgage on a certain property located in Santurce, San Juan.

Not only was the required registrar's certificate issued, preparatory to commencing the summary foreclosure proceedings instituted, but also an attachment was levied on the mortgaged property and recorded in the registry, to secure the effectiveness of the judgment that might be rendered.

Subsequent to the issuance of that certificate and after the foreclosure proceedings had commenced and notice of the at-

tachment entered, there was recorded in the registry a sale of the mortgaged property made by the mortgagors to Agustín Hernández Mena.

The said proceedings were prosecuted to judgment, and the mortgaged property was sold at auction by the marshal to the foreclosing creditor for $2,000. As we have already stated, when the corresponding deed was presented in the registry, the registrar refused to record the conveyance on the ground that the property sold was already recorded in the name of a person other than the mortgage debtors.

The foregoing would seem sufficient to conclude that, in accordance with the doctrine recently laid down by this court in *Arroyo* v. *Zavala y Cruz, ante,* p. 257, Agustín Hernández Mena is not the "other person" (*persona distinta*) who, under the law, may preclude the record sought.

However, a purchaser of real property or rights involved in litigation is subject to the provisions of section 71 of the Mortgage Law, which reads as follows:

"Real property or property rights against which cautionary notices have been entered may be alienated or encumbered, but without prejudice to the right of the person in whose name the cautionary notice was entered.

"If the real property or rights against which cautionary notices have been entered in accordance with the provisions of subdivisions 2 and 3 of section 42 should be awarded to a plaintiff under judgment rendered in an action brought by him, or if it should become necessary to advertise them for sale at auction, the person who may have acquired such property or rights during the litigation shall be notified of the award or advertisement.

"Such notice shall be served on motion of the plaintiff after the final judgment of award shall have been rendered or before the sale in the compulsory proceedings takes place, following the provisions of articles 260 to 269 of the Law of Civil Procedure in force in the Antilles and articles 244 to 253 of that in force in the Philippines.

"After service of the notice referred to in the foregoing paragraph, the person notified may release the property in question upon payment of the amount mentioned in the entry, as principal and costs, although it is not to be understood that he is obliged to pay

a larger sum for costs than that mentioned in the entry. Should he fail to do so within 10 days, the record of his ownership shall be canceled in the registry, as well as any other records which may have been made after entry of the cautionary notice, to which end the proper order shall be issued to the registrar of property on motion of the person to whom the property was awarded or of the purchaser thereof.

"If the conveyance made and recorded during the action relates to an estate the ownership of which had been claimed by an action of which a cautionary notice had been entered, in accordance with subdivision 1 of section 42 of this law, a certified copy of the final judgment in favor of the ownership of the plaintiff shall be a valid title for its cancellation by virtue thereof.

"Final judgments imposing the penalty of interdiction, or declaring the disability of a person to administer his property, or modifying his civil capacity with reference to the free disposition of his property, shall be sufficient authority for the cancellation of records of conveyances made during the course of the proceedings by the person who has been declared incapacitated, provided a cautionary notice of the complaint upon which the order was based shall have been entered in accordance with the provisions of subdivision 5 of section 42."

For the purposes of the registry, there is no doubt that any record made in the name of such purchaser *pendente lite* becomes subject to the condition that it shall not prejudice a right previously recorded in favor of another person. But, under the said section, the purchaser during the litigation is entitled to release the property affected by such prior record upon payment of the amount of the encumbrance. It is the plaintiff's duty—a duty which devolves upon any grantee subrogated to the rights of said plaintiff—to notify the purchaser *pendente lite,* so that the latter may release the property within the statutory period of ten days by payment of the recorded encumbrance. In the absence of such notice, the cancellation of the record made in favor of the purchaser *pendente lite* can not be demanded, and without this cancellation an award or conveyance made in pursuance of the public sale can not be recorded, since two antagonistic and conflict

ing records of ownership in regard to the same property can not coexist.

The marshal's deed herein having been presented in the registry at a time when the property appeared recorded in the name of the person who purchased it during a litigation involving such property, the registrar applied section 20 of the Mortgage Law and refused the record. In our opinion he has no other choice for the present. If the petitioner or plaintiff in the proceedings wherein the award was made desires to enforce his rights as a grantee, he should follow the procedure prescribed by section 71 of the Mortgage Law and move for service of the required notice. If the purchaser pays within the statutory period, the plaintiff is not prejudiced; if he fails to do so, his record is canceled and the bar to registration is removed.

In *Díaz-Mediavilla v. Registrar*, 39 P.R.R. 107, 110, in referring to the above-quoted section of the Mortgage Law, this court said:

"The first paragraph provides that a right annotated can not be prejudiced by a subsequent record. Here the executing creditor made an annotation of the commencement of his summary suit. He thus notified all the world of his prior right and anyone who attempted to make a record thereafter did so at the risk of the property being sold. Such subsequent purchaser or creditor was in no sense a third person and it was his duty to follow the result of the mortgage proceeding. There is no doubt in this case that both the sale to Tellado and the attachment were recorded subsequently to the initiation of the mortgage proceeding and its due annotation in the registry."

The principles involved in the cited statutory provisions were thus enunciated, but without relieving the plaintiff—who in the cited case made an annotation of the commencement of the foreclosure suit—of his obligation with respect to the required notice. And we are inclined to hold that such duty devolves upon any foreclosure purchaser who is subrogated to the rights of the executing creditor. . . .

In view of the wording of section 20 of the Mortgage Law we are constrained to affirm the decision of the registrar refusing the record; and it is so adjudged.

Mr. Justice Hutchison concurs in the result.